UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LARRY DALE SMITH JR.,

Petitioner,

v.

CHRISTINE POPOFF,

Superintendent, Oregon State
Correctional Institution,

Respondent.

Case No. 2:19-cv-00207-AA

OPINION AND ORDER

AIKEN, District Judge:

Petitioner, an inmate at the Oregon Department of Corrections, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, asserting four grounds for relief. For the reasons discussed below, the petition is denied.

## BACKGROUND

Petitioner was indicted by a Clackamas Country Grand Jury in April, 2013. He was indicted on eleven counts involving sexual crimes against two minor children, which were alleged to have taken place between December 13, 2008 and December 31, 2012.

1 – OPINION AND ORDER

Petitioner reached a plea agreement pursuant to a judicial settlement conference. Under the plea agreement, petitioner was poised to enter a guilty plea to one count of rape in the first degree, for which he would serve a twenty-five-year prison sentence. Included in the agreement was a separate indictment from Washington County for other sex crimes against a minor. Together, the global agreement would require a total sentence of thirty years.

At his hearing, however, petitioner had second thoughts. On June 13, 2014, before the Clackamas County Court, petitioner stated that he declined to plead guilty to the rape charge. After conferring with his attorney, petitioner instead entered a guilty plea to Count Four for first-degree sodomy. The Court accepted the plea, noting that it was made "knowingly, intelligently, and voluntarily[.]"

One week before his June 24, 2014 sentencing hearing, petitioner filed a hand-written motion to withdraw his guilty plea, which petitioner apparently sent to the prosecutor, and which the prosecutor recited at the sentencing hearing. Resp't Ex. 105 at 7-9 (ECF No. 13-1). The court heard and denied the motion to withdraw the guilty plea. *Id.* at 14-15. The court stated, "at the time [the June 13, 2014 guilty plea] was entered, it was voluntarily made, it was knowingly made, and it was intelligently made." *Id.* at 14. The court explained it had thoroughly explored with petitioner his options on June 13, 2014, and had received confirmation from petitioner that although, he did not feel he could plead guilty to the rape charge, he could admit to the sodomy count. The court further explained to petitioner that there was no valid basis for allowing him to change his plea, as "buyer's remorse" was not sufficient cause. *Id.* at 15-17. Following its explanation, the court imposed a 25-year prison sentence. The Washington County prosecution was dismissed but later refiled. Following a jury trial there, petitioner was convicted of Rape in

the First Degree and Unlawful Penetration in the First Degree; the case is presently on direct appeal. Resp't Ex. 108 (ECF No. 13-1).

In the matter at bar, petitioner filed a petition for post-conviction relief ("PCR") in Marion County Circuit Court which was later amended. Resp't Exs. 107, 108 (ECF No. 13-1). Petitioner's first claim in PCR court asserted that his guilty plea was not knowing, voluntary, or intelligent because certain counts of his indictment were not properly severed due to ineffective assistance of counsel ("IAC"). Resp't Ex. 108 at 5-7. His second PCR claim asserted his guilty plea was not knowing, voluntary, or intelligent due to his counsel's ineffective assistance, because he was under the misapprehension he could withdraw his Clackamas County guilty plea if he opted to go to trial on his Washington County charges. *Id.* at 8-9.

Petitioner's third claim for relief asserted his guilty plea was not knowing, voluntary, or intelligent because he was unaware of allegedly exculpatory information known to his victim, C.V., which was not disclosed until after he pleaded guilty.[1] *Id.* at 9-12. In support of the Third Claim, petitioner argued that "material information concerning the credibility of C.V. which was unknown to petitioner at the time he pleaded guilty and which petitioner could not reasonably have known at the time he entered his guilty plea." *Id.* at 12. The third claim further alleged that his resultant plea and conviction violated his Eight Amendment right to be free of cruel and unusual punishment. *Id.* at 10-12.

The PCR court denied petitioner's claims in a written judgment dated August 2, 2016. Resp't Ex. 134 (ECF No. 13-1). On appeal, petitioner assigned error to the PCR court's denial of only the Third Claim, that C.V.'s subsequent disclosure rendered his plea not knowing, voluntary,

---

[1] In short, victim C.V. disclosed that she was subjected to repeated sexual abuse by another man over the same time period, contrary to statements she made during the criminal investigation that it was only petitioner who abused her. Pet'r Br. at 11 (ECF No. 28).

3 – OPINION AND ORDER

or intelligent. Resp't Ex. 135 at 8 (ECF No. 13-1). The Oregon Court of Appeals affirmed petitioner's conviction without opinion on June 20, 2018. Resp't Ex. 137 (ECF No. 13-1). The Oregon Supreme Court issued an Order Denying Review on November 27, 2018. Resp't Ex. 138 (ECF No. 13-1).

## DISCUSSION

Petitioner filed his federal habeas petition with this Court on February 11, 2019. His Petition asserts four grounds for relief: (1) the PCR court erred in denying his Third Claim for relief; (2) trial counsel provided IAC in failing to sever certain counts of the indictment; (3) his plea was not knowing, voluntary, or intelligent due to C.V.'s post-plea disclosure; and (4) the police failed to respect petitioner's due process rights under the Fifth and Fourteenth Amendments when they continued to interview him and administered a polygraph test after he requested an attorney. Pet. at 6-22 (ECF No. 2).

A. Claim One

In his first ground for relief, petitioner asserts error by the PCR court. Pet. at 6. However, "[a] petition alleging errors in the state post-conviction review process is not addressable though habeas corpus proceedings." *Franzen v. Brinkham*, 877 F.2d 26 (9th Cir. 1989) (*per curiam*) (habeas petition must allege that a petitioner's detention violates the constitution, a federal statute, or a treaty). Because this claim does not assert any such violation, but rather an error by the PCR court on collateral review, it is not cognizable. Accordingly, Claim One is denied.

B. Claim Two

Petitioner's second ground for relief asserts IAC by trial counsel insofar as he failed to sever the Clackamas County counts against him from the Washington County counts under the global agreement. Pet. at 6-7. However, petitioner did not raise Claim Two to the Oregon Court

of Appeals. A state prisoner generally must exhaust all available state court remedies on either direct appeal or through collateral PCR proceedings before a federal court may consider granting habeas corpus relief pursuant to 28 U.S.C. § 2254(b)(1). "[A] petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby afford[ing] the state courts a meaningful opportunity to consider allegations of legal error." *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004) (internal quotation marks omitted); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Fair presentation requires a petitioner to reference both the specific federal constitutional guarantee at issue and the facts that support a claim. *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014). "A claim has not been fairly presented in state court if new factual allegations either fundamentally alter the legal claim already considered by the state courts or place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it." *Id.* at 1318 (internal citations and quotation marks omitted); *Poyson v. Ryan*, 879 F.3d 875, 894-95 (9th Cir. 2018). The exhaustion requirement is not met where a petitioner presents a claim "for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons" to consider it. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Casey*, 386 F.3d at 917.

A claim that was not fairly presented, and may no longer be presented due to state procedural bars, is procedurally defaulted. *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Procedurally defaulted claims may not be raised on federal habeas review unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 303 F.3d at 750.

5 – OPINION AND ORDER

Because petitioner did not present fairly Claim Two to the Court of Appeals following his PCR trial, the claim was not properly exhausted. Further, because petitioner abandoned his claim on appeal, he may no longer present it to the Oregon courts. Or. Rev. Stat. § 138.650(1), (2). Thus, the claim is technically exhausted, but procedurally defaulted. In absence of an argument excusing the default, petitioner's claim is not eligible for habeas review. As such, Claim Two is denied.

C. Claim Four

Claim Four asserts that petitioner's constitutional rights were violated when, after requesting representation by an attorney, he continued to be questioned by police, and was given a polygraph test. As was the case with Claim Two, however, Claim Four was not presented fairly to the Oregon appellate courts following the PCR proceeding, and now stands procedurally defaulted.

Petitioner contends that his procedural default can be excused by the ineffective assistance of direct appeal counsel. Pet. at 22. But the ineffective assistance of appeal counsel is an independent constitutional claim which a petitioner must properly exhaust before he can establish cause to excuse a default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (citing *Carrier*, 477 U.S. at 489). Because petitioner has not presented any IAC claims based on appellate counsel to the Oregon state courts, he is precluded from raising the claim on habeas review, as those claims are barred by procedural default. Accordingly, Claim Four must be denied.

D. Claim Three

In contrast to Claims Two and Four, petitioner presented fairly Claim Three to the requisite Oregon courts, and Claim Three was denied.

Pursuant to AEDPA, habeas corpus relief "shall not be granted with respect to any claim . . . adjudicated on the merits in State court proceedings," unless it: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In order to obtain federal habeas relief, "a state prisoner must show that the state court's ruling was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded agreement." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). As such, the federal court's inquiry "is designed to probe what arguments exist for overturning the state court's determinations, by rather whether 'arguments of theories . . . could have supported' the state court's . . . decision." *Anderson v. Gipson*, 902 F.3d 1126, 1133 (9th Cir. 2018) (quoting *Sexton v. Beaudreaux*, 138 S.Ct. 2555, 2560 (2018)).

The "contrary to" clause of 28 U.S.C. § 2254(d)(1) allows habeas relief only if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if the state court "confronts a set of facts that are materially indistinguishable from [a prior Supreme Court decision] and nevertheless arrives at a different result from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "unreasonable application" clause allows relief where the state court decision "identified the correct governing legal principle" existing at the time of the adjudication, but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Review under either clause of § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Deference must also be accorded to the state court's reasonable factual determinations under § 2254(d)(2): "[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), *overruled on other grounds by Murray v. Schriro*, 754 F.3d 984, 999-1000 (9th Cir. 2014). Accordingly, "a determination of a factual issue made by a State court shall be presumed to be correct," such that such "fact-finding may be overturned based on new evidence presented for the first time in federal court only if such new evidence amounts to clear and convincing proof" that the prior finding was erroneous. *Taylor*, 366 F.3d at 1000; *see also* 28 U.S.C. § 2254(e)(1).

Claim Three asserts that after petitioner entered his guilty plea, victim C.V. disclosed that another man had continuously and repeatedly sexually assaulted her over a three-year period, overlapping the period of time of her accusations against petitioner, in addition to her accusation that a third man sexually abused her in a separate, single incident. Pet. at 19. Prior to petitioner's plea, and before his criminal trial in Washington County, C.V. told investigators that petitioner was the only person who had abused her. *Id.* at 19, 22. Petitioner maintains that had he known the information disclosed by C.V., he would not have pleaded guilty, and therefore, his plea was not knowing, voluntary, or intelligent.

The Fifth Amendment requires that a defendant's guilty plea be knowing, voluntary, and intelligent. *See, e.g., United States v. Seng Chen Young*, 926 F.3d 582, 589 (9th Cir. 2019) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). The plea must not only be "the voluntary expression of [the defendant's] own choice," but "must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Further, "the law ordinarily considers a waiver knowing,

intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (emphasis in original).

Here, petitioner *does not* assert that his attorney provided IAC by failing to discover C.V.'s disclosures—which would have been impossible because they were not made until after the fact—nor does petitioner assert that the state violated any obligation to disclose exculpatory or impeachment evidence to him. The sole dispositive issue, argues petitioner, is whether his guilty plea was voluntary, knowing, and intelligent because "previously unknown information, such as the newly disclosed evidence here, is so material and impactful, [petitioner's] decision to waive his trial rights and plead guilty cannot be deemed valid." Pet'r Br. at 14.

Petitioner, however, fails to identify any support in federal law for his argument. The single case petitioner cites, *Barrios v. Rackley*, 664 Fed. App'x 625 (9th Cir. 2016), involves misapprehension of a criminal sentence by an attorney who failed to properly understand the elements of a crime, which resulted in a much more severe punishment than the attorney led the defendant to believe possible. *See id.* However, that result in *Barrios* clearly falls in the realm of the likely *general* circumstances of the crime and resulting sentence. Here, in contrast, there was no misapprehension about the *general* consequences of petitioner's guilty plea. Instead, petitioner had a misapprehension about the existence of evidence to impeach the victim, and that evidence did not exist until after petitioner pleaded guilty. Indeed, as respondent astutely observes, the Constitution allows courts to accept guilty pleas "despite various forms of misapprehension under which a defendant might labor." *See Brady*, 397 U.S. at 757 (defendant not permitted to disown "solemn admissions in open court that he committed the act with which

he is charged simply because it later develops that the State would have had a weaker case" than defendant understood). In order for petitioner to prevail on his claim, the *Brady* standard would have to be expanded to absurd proportions, such that a valid plea would need to be knowing, intelligent, and done with awareness of the relevant circumstances and *any possible consequences*. *See id.* at 748. Accordingly, the PCR court did not err in denying the claim.

For the foregoing reasons, petitioner has not shown that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fair-minded disagreement." *Richter*, 562 U.S. at 102. Petitioner has not met that high bar, and Claim Three is denied.

## CONCLUSION

For the reasons explained above, the Amended Petition of Writ of Habeas Corpus (ECF No. 16) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

DATED this _____ day of February, 2020.

Ann Aiken
United States District Judge